J. S58045/18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                          :         PENNSYLVANIA
            v.                 :
                                          :
MARK ELES,                        :         No. 829 WDA 2018
                                          :
           Appellant       :


Appeal from the Judgment of Sentence, Entered May 2, 2018,
in the Court of Common Pleas of Allegheny County
Criminal Division at No. CP-02-SA-0000276-2018


BEFORE: OLSON, J., MURRAY, J., AND FORD ELLIOTT, P.J.E.


JUDGMENT ORDER BY FORD ELLIOTT, P.J.E.:     **FILED OCTOBER 30, 2018**

       Mark C. Eles appeals ***pro se*** from the May 2, 2018 judgment of sentence

of $2,430 in fines imposed after the trial court dismissed his summary appeal

for failure to appear at the summary appeal hearing, pursuant to

Pa.R.Crim.P. 462(D).[1] Appellant was found guilty by the magisterial district

court of violating 75 Pa.C.S.A. §§ 1301 (registration and certification of title

required), 2102 (display of license card required), and 4921 (exceeding 8 feet

in width) on January 10, 2018. For the following reasons, we dismiss this

appeal.[2]

---

[1] Rule 462(D) provides that, "[i]f the defendant fails to appear, the trial judge may dismiss the appeal and enter judgment in the court of common pleas on the judgment of the issuing authority." Pa.R.Crim.P. 462(D).

[2] The Commonwealth has indicated that it will not be filing a formal brief in this matter.

Appellant's "brief" to this court consists of a three-paragraph explanation for his actions and is virtually non-compliant with the requirements set forth in Pennsylvania Rule of Appellate Procedure 2111(a). Specifically, we observe that appellant's brief contains no statement of jurisdiction, no specification of the order or determination sought to be reviewed, no statement of the scope or standard of review, no statement of the case, and no summary of the argument. Pa.R.A.P. 2111(a)(1)-(3), (5)-(6). Tellingly, appellant's brief also fails to set forth a specific statement of the questions involved nor provides any discernable substantive argument. *See id.* at 2111(a)(4). Appellant's failure to include a statement of the questions involved is particularly troubling as this requirement defines the specific issues this court is being asked to review. *See* Pa.R.A.P. 2116(a) (stating, *inter alia*, that "the statement will be deemed to include every subsidiary question fairly comprised therein. No question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby."). Moreover, appellant's brief does not include any meaningful discussion of, or citation to, relevant legal authority. *See Commonwealth v. Johnson*, 985 A.2d 915, 924 (Pa. 2009) (stating, "where an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived."), *cert. denied*, 562 U.S. 906 (2010).

Generally, parties to an appeal are required to submit briefs in conformity, in all material respects, with the requirements of the Rules of Appellate Procedure, as nearly as the circumstances of the particular case will admit. Pa.R.A.P. 2101. "Although this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant." ***Commonwealth v. Adams***, 882 A.2d 496, 498 (Pa.Super. 2005) (citation omitted). "To the contrary, any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing." ***Id.*** "This Court may quash or dismiss an appeal if the appellant fails to conform to the requirements set forth in the Pennsylvania Rules of Appellate Procedure." ***Commonwealth v. Lyons***, 833 A.2d 245, 252 (Pa.Super. 2003) (citations omitted), ***appeal denied***, 879 A.2d 782 (Pa. 2005).

Given the substantial defects in appellant's brief, we are precluded from conducting any meaningful appellate review. Accordingly, we dismiss this appeal.

Appeal dismissed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>10/30/2018</u>